IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEON KIRAKOSIAN, Personal Representative of the Estate of ROMELLA PAPAZYAN, Deceased, </br></br>Plaintiff,</br></br>vs.</br></br>MICHAEL KHANK and JOANNE KHANK, et al.,</br></br>Defendants. | 8:07CV484</br></br>ORDER |

This matter is before the court on the plaintiff's Motion to exclude expert and lay witness testimony from the Khank defendants (Doc. 75) and defendants' (Khanks') related Motion to compel the Washington County Sheriff's Department to comply with a subpoena duces tecum (Doc. 86).

After a conference with all counsel on February 19, 2009, the court entered a final progression order directing each party to disclose nonexpert witnesses on or before April 17, 2009 and to serve the "statement[s] required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness it expects to call to testify at trial" pursuant to Fed. R. Evid. 702, 703 or 705. These deadlines were established by agreement of the parties.

On their June 19, 2009 expert witness deadline, Khanks merely disclosed the names and curricula of two experts, Ian Oehm and Dr. Brad Randall. *See* Doc. 77-2. The minimal information disclosed by the Khanks does not meet the requirements of Rule 26(a)(2)(B), which provides:

> **(B) Written Report.** Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report–prepared and signed by the witness–if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.  The report must contain:
> 
>   (i)  a complete statement of all opinions the witness will express and the basis and reasons for them;

  (ii)  the data or other information considered by the witness in forming them;

  (iii)  any exhibits that will be used to summarize or support them;

  (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

  (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

  (vi) a statement of the compensation to be paid for the study and testimony in the case.

Khanks' June 19, 2009 disclosures indicated only that they were "waiting" for reports from Mr. Oehm and Dr. Randall, and that Dr. Randall "has requested better copies of photos from the autopsy of the decedent."  Doc. 77-2 at pp. 1-2/13.

Plaintiff filed the motion to exclude witnesses on July 1, 2009, based on Khanks' failure to provide any list of non-expert witnesses and failure to provide any reports for their two expert witnesses.  In their related Motion to Compel (Doc. 86), Khanks advise that on or about June 2, 2008, ***plaintiff's counsel***[1] served a subpoena duces tecum on the Washington County Sheriff for the "complete investigative file and reports, photographs, videos and any other relevant and pertinent information regarding the death of Romella Papazyan, while riding an ATV on 12/26/05 on the property of Michael Kahnk [sic] and Joanne Kahnk [sic]."

Khanks now contend that the Washington County Sheriff should be ordered to comply with the plaintiff's subpoena and provide them with color autopsy photos for review by their expert witness, Dr. Randall, who will some time file a Rule 26(a)(2)(B) report.

The reply brief and supporting exhibits (Docs. 84 & 85) offered by the plaintiff in support of the Motion to Exclude show that the plaintiff served the subpoena on the Washington County Sheriff on June 2, 2008.  Four days later, Khanks requested copies of all documents that the plaintiff "inspect and/or obtain copies thereof."  (Doc. 85 at p. 9/22).  On June 16, 2008, plaintiff's counsel forwarded to defense counsel copies of the

---

[1]The court's Order of July 27, 2009 (Doc. 83), authorizing the Khanks to file a motion to compel compliance with the subpoena, was premised on the mistaken belief that the Khanks themselves had served a subpoena on the Washington County Sheriff.

documents and photographs plaintiff received pursuant to the subpoena. "Subsequent" to receiving these documents, defense counsel contacted the Washington County Attorney, who advised that the Sheriff had responded to plaintiff's subpoena without authority, and there would be no further response without authority. "More recently," the Washington County Attorney once again told defense counsel that it is the policy of their office not to release such documents without a court order.

Apparently, on or about July 15, 2008, defense counsel served a subpoena duces tecum on the Douglas County Coroner[2] for "the complete autopsy file including color photographs from the autopsy of Romella Papazyan, date of death, December 26, 2005; File No. ME-05-640." At defendants' request dated September 11, 2008, plaintiff provided defendants with an authorization or release for the decedent's autopsy file. The release was faxed to defense counsel on or about October 29, 2008.

On July 26, 2009, in response to the pending motion to strike, defendants served a written report signed by Ian Oehm. The report (attached as Exhibit A to Doc. 81) is dated July 24, 2009.

The defendants' June 19, 2009 expert witness reporting deadline was set by agreement of counsel. Having reviewed the materials submitted in conjunction with the pending motions, the court is unable to ascertain exactly (or even approximately) when the defendants contacted or retained Dr. Brad Randall. At some undisclosed time prior to the June 19, 2009 reporting deadline, Dr. Randall had requested "better copies" of the autopsy photos. The defendants have not disclosed the date upon which they contacted the Washington County Attorney's Office concerning the disclosure of the autopsy photos, only that it was "subsequent" to receiving copies of the Washington County records from the plaintiff. The plaintiff has not prevented the defendants from obtaining the photographs. To the court's knowledge, the defendants have not themselves subpoenaed the photographs from Washington County. Their belated attempt to procure the photos by requesting the enforcement of the opposing party's subpoena is denied.

---

[2]Defendants' Motion to Compel (Doc. 86) indicates that the autopsy was performed by the Douglas County Coroner at the request of the Washington County Sheriff's Department.

"Adherence to progression order deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'" *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (quoting Fed. R. Civ. P. 1). Rule 37(c), Fed. R. Civ. P., provides that, if a party fails to provide information or identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Based on the record presented, the court finds that Khanks' failure to timely comply with Rule 26(a)(2)(B) was not substantially justified, as to either Mr. Oehm or Dr. Randall. If the defendants believed that they were unable to timely comply with the requirements of Rule 26(a)(2)(B), their remedy was not to simply ignore the requirement and serve incomplete disclosures, but to timely request an extension of the deadline. *See Benedict v. Zimmer, Inc.*, 232 F.R.D. 305, 318-19 (N.D. Iowa 2005).

The court finds the defendants' failure to timely serve an expert report is harmless as to Mr. Oehm, who has belatedly supplied a two-page written opinion.[3]

The failure to timely serve an expert report is not harmless as to Dr. Randall. The defendants have known of Dr. Randall's expressed need for color photographs since at least June 19, 2009. The defendants have not taken any steps to obtain the photos pursuant to Fed. R. Civ. P. 45, and did not timely request any extension of the progression order deadlines in this regard. The defendants' failure to timely request discovery from Washington County cannot in any way be attributed to the plaintiff. The deadline for filing dispositive motions expired August 31, 2009. Allowing the defendants an open-ended extension of time to serve an expert report that was due two months ago would be harmful to the plaintiff's interest in obtaining a "just, speedy, and inexpensive determination" in this action.

---

[3] Plaintiff's reply brief (Doc. 84 at p. 4/16) challenges Mr. Oehm's qualifications as an expert. Since the court declines to strike Mr. Oehm's written report at this time, plaintiff is granted an extension of time, from August 31, 2009 to **September 30, 2009** in which to file a motion in limine pursuant to Fed. R. Evid. 702. *See also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), and *Daubert v. Merrell-Dow Pharm.*, 509 U.S. 579 (1993).

Finally, the record supports plaintiff's advice that the defendants have not timely served any nonexpert witness disclosures, *see* Fed. R. Civ. P. 26(a)(3). In their brief (Doc. 80), the defendants take the position that the plaintiff's extensive non-expert witness list probably covers all the witnesses the defendants might want to call, so their failure to serve any witness list is harmless and not prejudicial to the plaintiff. Defendants then offer to supplement their "list," "[s]hould further discovery reveal any additional non-expert witness whom Defendants would call to testify." The court agrees with the plaintiff that there is no "list" to supplement. The defendants are hereby precluded from calling any non-expert witnesses (other than themselves) to testify at trial.

**IT IS ORDERED:**

1. Defendants' Motion to compel the Washington County Sheriff's Department to comply with the plaintiff's subpoena duces tecum (Doc. 86) is denied.

2. Plaintiff's Motion to exclude expert and lay witness testimony from the Khank defendants (Doc. 75)

    a. is denied as to Ian Oehm,
    b. is granted as to Dr. Brad Randall, and
    c. is granted with respect to all lay witnesses not specifically and timely disclosed by the defendants.

3. Plaintiff's Motion (Doc. 88) to modify the progression order is granted as follows:

    a. Plaintiff is granted an extension of time, from August 31, 2009 to **September 30, 2009** in which to file a motion in limine pursuant to Fed. R. Evid. 702. *See also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), and *Daubert v. Merrell-Dow Pharm.*, 509 U.S. 579 (1993).

    b. Plaintiff's deadline for filing motions for summary judgment is extended from August 31, 2009 to **September 30, 2009.**

**DATED September 1, 2009.**

                                       **BY THE COURT:**

                                       s/ F.A. Gossett
                                       **United States Magistrate Judge**